UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACKSON HEWITT INC., | : | |
| | : | Civil Action No. 13-402 (ES)(JAD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | OPINION & ORDER |
| FLORIDA TAX PROFESSIONALS, | : | |
| INC. and MOHAMMED A. MASWADI, | : | |
| | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

## I. Introduction

This matter comes before the Court on Plaintiff Jackson Hewitt Inc.'s ("Plaintiff" or "Jackson") motion to enter default judgment against Defendants Florida Tax Professionals Inc. ("Defendant" or "Florida Tax") and Mohammed A. Maswadi ("Defendant" or "Maswadi") pursuant to Fed. R. Civ. P. 55(b). (D.E. No. 6).

The Court has considered the Plaintiff's submissions in support of the instant motion, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, this Court GRANTS Plaintiff's motion to enter default judgment.

## II. Factual Background

On January 21, 2013, Plaintiff commenced a breach of contract action, claiming that Defendants breached the franchise agreements that the parties had entered into. (D.E. No. 1, Complaint, "Compl." ¶¶ 8-10). On March 21, 2013, Defendants Florida Tax and Maswadi were

1

served with a copy of the Summons and Complaint by regular and certified mail. (D.E. No. 4, "Affidavit of Diligent Inquiry and Service of Process", Ex. A "Proof of Mailing"). The time for answering the Complaint has expired, and Defendants have neither been granted an extension of time within which to answer, nor interposed an answer or otherwise responded to the Complaint. On April 30, 2013, Plaintiff filed with the Clerk of Court a request that default be entered against both Defendants. (D.E. No. 5). On May 3, 2013, the Clerk entered Default against Defendants. Plaintiff now moves to enter default judgment pursuant to Fed. R. Civ. P. 55(b). (D.E. No. 6). Plaintiff has provided notice to Defendants. (D.E. No 6-13).

## III. Standard of Review

Rule 55 governs default proceedings and permits a plaintiff, following entry of default, to seek default judgment against a defendant who fails to answer or otherwise respond to the pleadings. Fed. R. Civ. P. 55(b). In contrast to a full proceeding on the merits, a plaintiff seeking default judgment can proceed with only limited proofs, for a consequence of entry of default "is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotations omitted) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Plaintiff must still offer some proof of damages. *Id*. Fed. R. Civ. P. 55(b)(1)(2). Once a plaintiff has met the prerequisites for default judgment—entry of default and proof of damages—the question of whether or not to enter a default judgment "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *see Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009).

## IV. Analysis

This action comes before the Court on Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11–7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).

First, the Court finds that there has been sufficient proof of service. Plaintiff has provided an affidavit satisfying the requirements of New Jersey Superior Court Civil Practice Rule 4:4-5(b). (D.E. No. 4). Plaintiff submits that despite diligent effort and inquiry, personal service cannot be made and thus, pursuant to R. 4:4-4(1)(c), *in personam* jurisdiction may be obtained by mail. (*See id.*, Ex. A, "Proof of Mailing").

Second, the Court finds that there has been a sufficient cause of action stated. In New Jersey, a plaintiff must allege three elements to state a cause of action for breach of contract: (1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach. *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11–896, 2012 WL 924385, at *3, (D.N.J. March 19, 2012). Here, Plaintiff has alleged: (1) that there was a contractual relationship based on the Franchise Agreements, (D.E. No. 1, Compl. ¶¶ 8-9); (2) that Defendants breached the contract when they failed to make required payments, (*id.* ¶ 10); and (3) that Plaintiff suffered resulting damages in the amount of $ 121,588.94. (D.E. No. 6-5, Decl. of Arnold Janofsky ¶ 26). Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract.

Third, to determine whether granting default judgment is proper, the Court must make factual findings "as to (1) whether the party subject to default has a meritorious defense, (2) the

prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc., v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that: first, absent any responsive pleadings from Defendants, meritorious defenses do not appear to be available to them. Second, the Court finds that Plaintiff "will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant[s]." *Gowan v. Cont'l Airlines, Inc.*, No. 10–1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendants are culpable because they have been served with notice of this action but have failed to participate properly. Therefore, the Court finds entry of default judgment is proper.

## V. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion to enter default judgment.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**